IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory B. Morgan, | : | |
| Plaintiff | : | Civil Action 2:14-cv-1609 |
| v. | : | Judge Graham |
| Judge Dale Crawford, Daniel L. Forsythe and Jenna R. Volp, | : | Magistrate Judge Abel |
| | : | |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Gregory B. Morgan brings this civil rights action under 42 U.S.C. §1983. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that Judge Crawford, Forsythe and Volp are immune from suit and further that the complaint fails to state a claim against defendants Forsythe and Volp. The Magistrate Judge recommends dismissal of the complaint.

The complaint alleges that defendants forced plaintiff Morgan to admit during his prosecution of a malpractice claim against the Ohio State University College of

Dentistry that he made annonymous consumer review postings on the Internet. The judge overruled plaintiff's objection that the prejudice flowing from the evidence outweighed its probative value. The complaint alleges that the conduct of Ohio Assistant Attorney Generals Daniel L. Forsythe and Jenna R. Volp in asking him about the postings at deposition and moving to offer them into evidence at trial as well as the judge's ruling admitting them into evidence violated his First Amendment right to speak anonymously.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed.  *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly*,

550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

Analysis.  A judge performing judicial duties is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Judges are immune from suit even if they act erroneously, corruptly or in excess of their jurisdiction. *Mireles*, 502 U.S. at 11; *Barnes*, 105 F.3d at 1115-16. Consequently, Judge Crawford is immune from suit.

Defendants Daniel L. Forsythe and Jenna R. Volp were acting as lawyers in defense of their client. They had the right to ask Morgan questions on depositions about the consumer postings and to offer them into evidence at trial. They are immune from suit because the complaint pleads that they deprived plaintiff of a constitutional right while acting in the role of defense attorneys in court proceedings. *See, Kalina v. Fletcher*, 522 U.S. 118, 129-131 (1997). Alternatively, the complaint fails to state a claim against them because they were following lawful processes in defending their client, and it was up to the trial judge to determine whether the consumer postings were relevant and admissible in evidence. There is no recognized first amendment right to make anonymous internet consumer postings. Since the postings were apparently about the quality of dentistry performed by the Ohio State University College of Dentistry clinic and Morgan was suing the University for malpractice, they were relevant to his credibility as a witness. The fact that he chose to post the comments anonymously did not act to shield them from discovery in his malpractice action against OSU.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because Judge Crawford and defendants Forsythe and Volp are immune from suit and because it fails to state a claim under 42 U.S.C. §1983.  Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel  
United States Magistrate Judge

4