IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory B. Morgan,

    Plaintiff,

  v.                          Case No. 2:14-cv-1609

Judge Dale Crawford,
et al.,

    Defendants.

ORDER

    Plaintiff Gregory B. Morgan filed the instant action pursuant to 42 U.S.C. §1983 against Judge Dale Crawford and Assistant Attorneys General Daniel L. Forsythe and Jenna R. Volp. Plaintiff alleges that defendants Forsythe and Volp violated his First Amendment rights by asking him during his deposition in a malpractice action he had filed against the College of Dentistry of The Ohio State University about anonymous consumer review postings he had made in the Internet about the College, and by moving to introduce the postings into evidence at trial. Plaintiff alleges that Judge Crawford violated his First Amendment rights by admitting the postings into evidence. In a report and recommendation filed on September 22, 2014, the magistrate judge screened the complaint pursuant to 28 U.S.C. §1915(e)(2). The magistrate judge recommended that the complaint be dismissed because the defendants are immune from suit and the complaint fails to state a claim under §1983.

    This matter is before the court for consideration of plaintiff's objection (Doc. 7) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the

claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2).  Id.

The magistrate judge first concluded that Judge Crawford is immune from suit for allegedly violating plaintiff's First Amendment rights by permitting the University to introduce evidence concerning his anonymous consumer postings at the trial of plaintiff's malpractice claim against the College.  Doc. 3, p. 3.  The magistrate judge correctly noted that a judge performing judicial duties is absolutely immune from suit seeking monetary damages. Mireles v. Waco, 502 U.S. 9, 9-10 (1991).  "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871). This immunity applies to actions brought under 42 U.S.C. §1983. Pierson v. Ray, 386 U.S. 547, 554-55 (1967).  Absolute judicial immunity can be overcome only where the alleged actions were not taken in the judge's judicial capacity, or when the judge's actions, though judicial in nature, were taken in the complete absence of all jurisdiction.  Mireles, 502 U.S. at 11-12.

Plaintiff alleges in his objection that Judge Crawford acted without jurisdiction when he allegedly violated plaintiff's First Amendment rights by admitting the consumer postings into evidence.

3

However, the  fact that a judge allegedly performs his judicial duties in a way which violates a constitutional right is not sufficient to deprive the judge of jurisdiction, as that term is used in the context of judicial immunity.  Rather, "[t]he term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity." Bright v. Gallia County, Ohio, 753 F.3d 639, 649 (6th Cir. 2014)(quoting Barnes v. Winchell, 105 F.3d 1111, 1122 (6th Cir. 1997)).  "Only in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity." Holloway v. Brush, 220 F.3d 767, 773 (6th Cir. 2000)(en banc). Here, the complaint contends that Judge Crawford allegedly violated plaintiff's First Amendment rights due to evidentiary rulings he made while presiding over plaintiff's malpractice trial.  These acts were not taken in the absence of subject matter jurisdiction, and the doctrine of judicial immunity applies to bar plaintiff's claim.

   The magistrate judge also concluded that defendants Forsythe and Volp were acting in their role as lawyers in defense of their client in asking plaintiff questions during his deposition concerning his online consumer postings and in offering that evidence at trial. Doc. 3, p. 3.  The magistrate judge noted that these defendants followed lawful processes in defending their client. Doc. 3, p. 3.  Plaintiff alleges that defendants Forsythe and Volp were not acting within their jurisdiction because their acts violated his First Amendment Rights.  However, government attorneys such as prosecutors generally enjoy immunity from liability for any acts that are associated with their professional role so long as such acts are "intimately associated with the judicial phase" of a proceeding. Imbler v. Pachtman, 424 U.S. 409,

4

430 (1976). Absolute immunity applies to acts such as the professional evaluation of evidence and appropriate preparation for its presentation at trial. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Preparation of witnesses for trial is also protected by absolute immunity. Higgason v. Stephens, 288 F.3d 868, 878 (6th Cir. 2002).

In Brown v. State of Tennessee Dep't of Labor and Workforce Dev., 64 F.App'x 425, 426 (6th Cir. 2003), the court held that the state attorney general was acting as an advocate in defense of the state by filing documents in plaintiff's state court proceedings. The court held that the attorney general's actions were "'intimately associated with the judicial phase' of the civil process" and that the attorney general was entitled to absolute immunity in plaintiff's civil rights action. Id. This court concludes that in deposing plaintiff and in offering evidence of plaintiff's consumer comments during plaintiff's malpractice trial, defendants Forsythe and Volp were also engaging in acts "intimately associated with the judicial phase" of plaintiff's malpractice case. The magistrate judge correctly concluded that they are entitled to absolute immunity in the instant case.

The magistrate judge also found in the alternative that the complaint failed to state a First Amendment claim under §1983. Plaintiff argues that this was error, citing numerous cases regarding the First Amendment right to anonymous free speech, including speech made via the Internet. As a general matter, anonymous speech is protected by the First Amendment. McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 342 (1995); McGlone v. Bell, 681 F.3d 718, 734 (6th Cir. 2012). However, the right to speak,

5

whether anonymously or otherwise, is not unlimited, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue. In re Anonymous Online Speakers, 661 F.3d 1168, 1173 (9th Cir. 2011). "[A]nonymous speech on the Internet, like speech from identifiable sources, does not have absolute protection." McVicker v. King, 266 F.R.D. 92, 94 (W.D.Pa. 2010).

A situation analogous to the instant action is found in cases in which plaintiffs were seeking to proceed anonymously in the civil actions they had filed by using fictitious names. In Doe v. Indiana Black Expo, Inc., 923 F.Supp. 137 (S.D.Ind. 1996), the court noted that plaintiff was bringing private claims for damages against the defendants, accusing them of serious and deliberate wrongdoing. Id. at 141. The court observed that plaintiff had chosen to initiate the action, and was not caught up in the action unwillingly as a witness or a victim in a criminal case might be. Id. The court then considered that the testimony of the parties would likely be at odds, thereby putting their credibility at issue, and that defendants' challenges to plaintiff's credibility would entail facts that plaintiff preferred to keep secret. Id. at 142. The court concluded that plaintiff "cannot use his privacy interests as a shelter from which he can safely hurl these accusations without subjecting himself to public scrutiny, even if that public scrutiny includes scorn and criticism." Id.

In Doe v. Del Rio, 241 F.R.D. 154 (S.D.N.Y. 2006), another case in which the plaintiffs sought to proceed under pseudonyms, the court stated:

> Private civil suits, individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms. Further, where

> individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication. Courts have expressed concern that maintaining a plaintiff's anonymity could "unfairly impede defendant's ability to impeach the plaintiffs' credibility" through cross examination and introduction of personal evidence at trial.

241 F.R.D. at 159 (quoting James v. Jacobson, 6 F.3d 233, 241 (4th Cir. 1993)).

In this case, plaintiff's anonymous postings were apparently about the quality of dentistry performed by the College of Dentistry. Doc. 3, p. 3. The magistrate judge concluded that because plaintiff was suing the University for malpractice, his online comments were relevant to his credibility as a witness in his malpractice case. Doc. 3, p. 3. The magistrate judge observed that there is no recognized First Amendment right to make anonymous Internet consumer postings. Doc. 3, p. 3. The magistrate judge concluded, "The fact that [plaintiff] chose to post the comments anonymously did not act to shield them from discovery in his malpractice action against OSU." Doc. 3, p. 3.

This is not a case, as in McGlone, in which the plaintiff sought to express anonymous political or religious opinions. Rather, plaintiff brought a civil action against the University, alleging wrongful acts on the part of the College of Dentistry. Plaintiff's online comments were relevant to his malpractice action, and Judge Crawford's decision to admit those comments into evidence did not violate plaintiff's First Amendment rights.

Having reviewed the report and recommendation and plaintiff's objection in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b),

the court finds that plaintiff's objection is without merit, and it is overruled.  For the foregoing reasons, the court adopts the September 22, 2014, report and recommendation (Doc. 3).  This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) because the defendants are immune from suit, and because the complaint fails to state a claim for which relief may be granted.  The clerk shall enter judgement dismissing this case.  The clerk is directed to enter judgment dismissing this case, and is further directed to mail a copy of this order and the judgment to each of the defendants.

Date: October 10, 2014            _____s/James L. Graham_____
                                  James L. Graham
                                  United States District Judge

8